### Montana Twentieth Judicial District Court.
### County of Lake.

STATE OF MONTANA,
    Plaintiff,                          **CAUSE NO. DC-14-170**
-vs-                                   **DECISION**
GALEN L. HAWK,
    Defendant.

On July 29, 2015, the Defendant was sentenced to the Montana State Prison for a term of ten (10) years, for the offense of Negligent Homicide, a Felony as specified in §45-5-104, MCA. The Defendant received credit for time served on this offense of 279 days. It was further ordered that the Defendant pay $21,392.00 in restitution. This sentence is to run consecutive to the sentence in DC-13-20.

On February 4, 2016, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant appeared by video conferencing from the Dawson County Correctional Facility and was represented by Jennifer Streano of the Office of the State Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the

Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

It is the unanimous decision of the members of the Division that the sentence is clearly excessive, in particular, as to the restitution provisions. The Defendant is **clearly entitled to a MODIFIED sentence.** Accordingly, the judges unanimously agree that Item 13.f. of the Judgment should be amended to subtract the sum of $3,500.00 from the $15,810.00 restitution figure to eliminate what would have been a double payment by the Defendant. As to the restitution awarded for counseling to the victim, the Division unanimously agrees that the victim should receive restitution for counseling up to the sum of $7,200, however, the victim should be required to provide documentation of actually incurring such counseling expenses before the Defendant should be obligated to pay for such counseling.

The remaining terms and conditions of the sentence imposed are not clearly inadequate or clearly excessive and are AFFIRMED.

Done in open Court this 4th day of February, 2016.

DATED this 29th day of February, 2016.

Hon. Brenda Gilbert, Chairperson, Hon. Brad Newman, Member and Hon. John Warner, Member.